# United States District Court
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM BARRETT DEAN, | § § § | |
| Appellant, | § § § | |
| v. | § § | CIVIL ACTION NO. 3:18-CV-1320-S (Bankr. Case No. 16-70245-hdh7) |
| SHAWN K. BROWN, CHAPTER 7 TRUSTEE, | § § § § | |
| Appellee. | § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is William Barrett Dean's ("Appellant") Appeal of the Order Granting Trustee's Motion to Approve Settlement and Assignment of Claims Pursuant to 11 U.S.C. § 363 and Fed. R. Bankr. P. 9019, signed on May 4, 2018, by the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court"). Having considered the relevant pleadings, the Court finds that the Bankruptcy Court's decision should be affirmed.

### I. BACKGROUND

Prior to filing bankruptcy, Total Operating, LLC ("Debtor") provided construction-related services to customers in the natural gas industry. In 2013, Debtor's founding members sold a majority share of Debtor to T.O. Investment 1, LLC, an entity organized by Appellant and Jacob Watters.

On July 30, 2016 ("Petition Date"), Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, thereby initiating Case No. 16-70245-hdh7 (the "Bankruptcy Case"). Shawn K. Brown ("Appellee" or "Trustee") was appointed to serve as the Chapter 7 Trustee. Appellant is one of five former managers of Debtor and is also a creditor of Debtor. At

the commencement of the Bankruptcy Case, Appellant turned over to Appellee all documents he had maintained as a former manager of Debtor that concerned Debtor, its assets, and the dealings at issue in the state court and arbitration proceedings.

Before Debtor filed its petition for relief, Reticulum Management, LLC, lent Debtor funds pursuant to a Sale and Buyback Agreement. Reticulum was not repaid prior to the Petition Date, and Reticulum now alleges that the debt was secured by Debtor's assets. On March 13, 2017, Reticulum filed Amended Proof of Claim 41-2 in the bankruptcy proceeding, asserting a secured claim of $662,112.17 and a blanket lien. Reticulum also pursued direct, independent claims against Appellant and Watters in state court. The state court action was stayed based on an arbitration clause in the Sale and Buyback Agreement, and Reticulum commenced arbitration proceedings against Appellant and Watters.

On February 22, 2018, Appellee filed his Motion to Approve Settlement and Assignment of Claims Pursuant to 11 U.S.C. § 363 and Fed. R. Bankr. P. 9019, seeking approval to enter into a settlement agreement with Reticulum ("Settlement Agreement"). The Settlement Agreement provides for the sale and assignment by Trustee to Reticulum of "all Avoidance Claims, Non-Avoidance Claims, and all other causes of action that the estate may have against the Potential Defendants [i.e., Appellant and Watters] that arise under non-bankruptcy law or arise under Section 544 of the Bankruptcy Code." R. 240. In exchange, Reticulum agreed to subordinate its disputed secured claim to all other creditor claims, pay Trustee $55,000, and "pay the Trustee ten percent (10%) of the gross recoveries received by Reticulum from prosecuting any and all claims (including recoveries on any direct or independent causes of action Reticulum may have against the Potential Defendants [i.e., Appellant and Watters]." *Id.* at 241.

On April 19, 2018, the Bankruptcy Court held a contested evidentiary hearing on the Motion. During the hearing, the Bankruptcy Court heard argument about whether the payment to the Trustee of 10% of any gross recoveries on independent, non-estate related causes of action Reticulum may have against Appellant and Watters was appropriate. After the hearing, the Bankruptcy Court afforded counsel an opportunity to brief the issue of whether a Chapter 7 Trustee can take an interest in one estate creditor's independent, non-estate causes of action against another creditor. Appellant, Appellee, Reticulum, and Watters all submitted post-hearing briefs. On May 4, 2018, the Bankruptcy Court entered its Order Granting Trustee's Motion to Approve Settlement and Assignment of Claims Pursuant to 11 U.S.C. § 363 and Fed. R. Bankr. P. 9019.

On May 23, 2018, Appellant filed the Notice of Appeal [ECF No. 1]. On July 27, 2018, Appellant filed Appellant's Brief [ECF No. 6] and designated the following issue for appeal:

1. Whether the Bankruptcy Court erred in approving a settlement where the Appellee, a Chapter 7 Trustee and a fiduciary to all creditors charged by law to remain a disinterested estate representative, would acquire an interest in all claims of one estate creditor (Reticulum) against another estate creditor (Appellant)—including the independent claims at issue in the pending arbitration proceeding as to which the estate has no interest and where the Trustee himself may be a witness because he holds evidence relevant to the independent claims that Appellant turned over to him at the inception of the Bankruptcy Case.

On August 27, 2018, Appellee filed Appellee's Brief [ECF No. 8]. Appellant filed Appellant's Reply Brief on September 6, 2018 [ECF No. 9].

## II. LEGAL STANDARD

A district court has jurisdiction to hear appeals from "final judgments, orders, and decrees" of a bankruptcy court. 28 U.S.C. § 158(a)(1). A bankruptcy court's "[f]indings of fact are reviewed for clear error, and conclusions of law are reviewed *de novo*." *Drive Fin. Servs., L.P. v. Jordan*, 521 F.3d 343, 346 (5th Cir. 2008). A bankruptcy court's settlement approval is reviewed for abuse of discretion. *Cadle Co. v. Mims (In re Moore)*, 608 F.3d 253, 257 (5th Cir. 2010). A court "by definition abuses its discretion when it makes an error of law." *Id.* (quoting *Koon v. United States*, 518 U.S. 81, 100 (1996)). "Accordingly, the abuse of discretion standard includes review to determine that the discretion was not guided by erroneous legal conclusions." *Id.* (quoting *Browning Mfg. v. Mims (In re Coastal Plains, Inc.)*, 179 F.3d 197, 205 (5th Cir. 1999)).

## III. ANALYSIS

A bankruptcy trustee "is the representative of the estate." 11 U.S.C. § 323. A trustee must be a disinterested person. *Id.* § 701(a)(1). "Disinterested person" is defined as a person that:

> (A) is not a creditor, an equity security holder, or an insider; (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

*Id.* § 101(14). Appellant contends that Appellee "wilfully eschewed the disinterestedness his fiduciary role requires" by "taking a direct interest in an inter-creditor dispute in which the estate otherwise had no interest." Principal Br. of Appellant 14-15. Appellant argues that the problem is intensified by the "prospect of the Trustee being a witness at the [a]rbitration." *Id.* at 15.

Appellee responds that under the Settlement Agreement, he "has nothing more than an 'interest' in the Estate" and that "there is no way for the Trustee to derive a benefit of his own,

4

separate and apart from a benefit to the Estate and its creditors." Br. of Appellee 14-15. Appellee characterizes his potential involvement in the arbitration as a "non-issue" because he "has no personal knowledge of the general series of events and broad course of conduct giving rise to the [a]rbitration, with the possible exception of issues regarding chain of custody of documents he acquired in his role as trustee in the Bankruptcy Case." *Id.* at 17 n.14.

The Bankruptcy Court heard argument and received post-hearing briefing from multiple parties on the specific issue raised by Appellant on appeal. After "reviewing the supplemental briefing and the record from the hearing," the Bankruptcy Court determined that the Settlement Agreement should be approved. R. 31. The Bankruptcy Court stated that it "considered the public policy issue identified at the hearing (i.e. whether a Chapter 7 Trustee may take an interest in a non-debtor creditor's direct causes of action against another non-debtor creditor) when determining whether the settlement should be approved." *Id.* The Bankruptcy Court concluded that the settlement would not defeat Trustee's disinterestedness, noting that "[a] Trustee's compensation is often dependent on the amount of distributions from the estate, which can often be enhanced by prosecuting actions against creditors," and that "[i]t is not uncommon, as in the case of avoidance actions, for the Trustee to hold records and evidence relevant to these causes of action." *Id.*

The Court reviewed the Bankruptcy Court's settlement approval for abuse of discretion and reviewed de novo the Bankruptcy Court's conclusion that the Settlement Agreement would not defeat Appellee's disinterestedness. As to the issue of whether a Chapter 7 trustee may take an interest in one creditor's claim against another creditor in a lawsuit in which the estate otherwise has no interest and where the trustee may also be a witness in the creditors' lawsuit, the Court notes that neither party has identified any Fifth Circuit precedent directly on point. In light of the

absence of binding precedent, and in light of its review of the parties' briefing, the record, and relevant legal authorities, the Court agrees with the Bankruptcy Court that the arrangement at issue does not impair Appellee's disinterestedness.

The Court finds that the Bankruptcy Court's discretion was not guided by erroneous legal conclusions or a clearly erroneous assessment of the evidence and that the Bankruptcy Court did not otherwise abuse its discretion in approving the Settlement Agreement.

### IV. CONCLUSION

For the foregoing reasons, the Court affirms the Bankruptcy Court's decision.

**SO ORDERED.**

SIGNED March 12, 2019.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**